O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATSY WAUNEKA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK, NATIONAL ) <br> ASSOCIATION, AS SUCCESSOR ) <br> TRUSTEE TO BANK OF AMERICA, ) <br> N.A., AS SUCCESSOR BY MERGER ) <br> TO LASALLE BANK, M.A. AS ) <br> TRUSTEE FOR THE CERTIFICATE ) <br> HOLDERS OF THE MLMI TRUST, ) <br> MORTGAGE LOAN ASSET-BACKED ) <br> CERTIFICATES, SERIES 2006- ) <br> RM4; RECONSTRUCT COMPANY, ) <br> N.A., COLFIN A1-CA4, LLC, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No. EDCV 13-01126 DDP (OPx) <br><br> **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** <br><br> [Dkt. No. 2] |

Presently before the court is Plaintiff Patsy Wauneka's Application for Temporary Restraining Order. Plaintiff seeks to enjoin Defendants from further encumbering property located at 27060 Comet View Court, Sun City, California, 92585, and from evicting Plaintiff from that property, arguing that the foreclosure was invalid.

///

A temporary restraining order is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Defense Counsel, 555 U.S. 7, 20 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions and the balance of hardships tips in favor of a TRO. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[1]  Id.

The court has reviewed Plaintiff's complaint and application. The court is not persuaded that Plaintiff has demonstrated that she is likely to suffer irreparable harm in the absence of preliminary relief. The property was foreclosed upon on January 15, 2013. Plaintiff now seeks to prevent Defendants from evicting her from the property, but she has not provided the court with any indication that eviction is imminent. Nor has she indicated that

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

further encumbrances on the property are imminent or what irreparable harm such encumbrances would cause.  The court therefore DENIES the application without prejudice.

IT IS SO ORDERED.

Dated: June 25, 2013

DEAN D. PREGERSON
United States District Judge